United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. |
| | ) 22-20148-CR-Scola |
| Amauris Wisky, Defendant. | ) |
| | ) |
| | ) |

**Order Denying Motion for Sentence Modification**

This matter is before the Court on the Defendant Amauris Wisky's motion for sentence modification pursuant to Amendment 821 and the First Step Act Safety-Valve Provision. (Mot., ECF No. 84.) There is no need for the Government to respond. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion. (**ECF No. 84**).

1. **Background**

On January 11, 2023, the Defendant Amauris Wisky was sentenced to a term of imprisonment of 72 months after pleading guilty to conspiracy to possess with intent to distribute and possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70506(b) and 70503(a)(1). (ECF Nos. 38. 39, 61.) The Sentencing Guidelines range was 135 to 168 months of imprisonment based on an offense level of 33 and criminal history category I.

Since Wisky's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821") which provides, in relevant part, for a "decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors."

Wisky, for the third time, seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 72 months in prison. He also seeks a reduction in sentence based on 18 U.S.C. § 3553(f)(1)-(5), also known as the "safety valve" provision, which "allows for sentencing without regard to any statutory minimum, with respect to certain offenses." *United States v. Garza*, 2023 WL 193713, at *2 (11th Cir. Jan. 17, 2023) (citation omitted).

### 2. Analysis

This is the third time Wisky has sought a reduction of his sentence based on Amendment 821. (*See* ECF Nos. 72, 74.) Wisky provides no new grounds for reconsideration of the Court's previous Orders. (ECF Nos. 74, 80.)  As this Court previously explained, Amendment 821 "would not lower his existing sentence. Wisky's original Guidelines range was 135 to 168 months of imprisonment. Even with the two-point reduction, his new effective Guidelines range would be 108 to 135 months" and thus his original sentence would be less than the bottom of the new guidelines. (Order, ECF No. 74, at 2). "Pursuant to the applicable policy statement, the Court cannot reduce a defendant's term of imprisonment below the minimum of the amended guideline range," and "[t]he exception to this rule for defendants that have provided substantial assistance to the authorities is inapplicable here." (*Id.* at 2-3) (cleaned up).)

Next, Wisky is not entitled to reduction of sentence based on the safety valve of § 3553(f)(1)-(5) because the Court already found that Wisky *was* safety valve eligible. Thus, the Court sentenced him without regard to the ten-year mandatory minimum.

### 3. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that the Defendant's motion for reduction of sentence is **denied**. (**ECF No. 84.**)

**Done and ordered** in Miami, Florida, on September 18, 2024.

Robert N. Scola, Jr.
United States District Judge